# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BLUEFIELD DIVISION

| | |
|---|---|
| SALLY JANE NEWLAND, | ) |
| Petitioner, | ) |
| v. | ) CIVIL ACTION NO. 1:22-00107 |
| WARDEN RYLE, | ) |
| Respondent. | ) |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Petitioner's Petition for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241 (Document No. 1), filed on February 24, 2022. By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 4.)

## PROCEDURE AND FACTS

On February 24, 2022, Petitioner, acting *pro se*,[1] filed in the United States District Court for the Eastern District of North Carolina a Petition for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241. (Document Nos. 1.) Specifically, Petitioner requests seven months credit for "time served" while she "was on an ankle bracelet." (Id.) Petitioner states she was on an ankle bracket from August 28, 2019 until March 31, 2020. (Id.) As an Exhibit, Petitioner attaches a copy of her "Motion to Clarify Under 18 U.S.C. § 2241 Motion to Properly

---

[1] Because Petitioner is acting *pro se*, the documents which she has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Apply Time Served" as filed in Case No. 7:20-cr-00039 in the Eastern District of North Carolina. (Document No. 1-1.) By Order filed on March 1, 2022, United States District Judge James C. Dever III transferred the above case to this District pursuant to 28 U.S.C. §1631. (Document No. 2.)

By Order entered on March 8, 2022, the Court ordered that Respondent file an Answer to the allegations contained in the Petitioner's Petition and show cause, if any, why the Writ of *Habeas Corpus* sought by the Petitioner in this case should not be granted. (Document No. 7.) On March 14, 2022, Respondent filed a Response to the Order to Show Cause. (Document No. 9.) Respondent argues that Petitioner's Petition should be denied because "[i]t is well established that inmates are not entitled to prior custody credit for time spent in a Residential Reentry Center (RRC) or on home confinement as a condition of bond." (Id.) By Order and Notice entered on March 15, 2022, the undersigned advised Petitioner of her right to file a Reply to Respondent's Response. (Document 10.) On April 13, 2022, Petitioner filed her Reply. (Document No. 11.) Petitioner explains that she was "arrested in August 2019 and placed on a $3.5 million bond." (Id.) Petitioner, however, states that following a bond hearing, she was "released to [her] parents on the condition that [she] wear an ankle monitor." (Id.) Petitioner states that she "wore the monitor up until March 2020 (7 months)." (Id.) Petitioner then explains that "COVID had already made it appearance at the time of [her] arrest," and many inmates were released to home confinement due to COVID. (Id.) Petitioner states that she believes she was allowed bond and placement on home confinement due to COVID, and therefore she should be awarded credit for this time period. (Id.) Petitioner states that "inmates who are currently being placed on home confinement for reasons paired with the pandemic are accruing time off their sentences." (Id.) Accordingly, Petitioner argues that she should also be allowed credit for the time she spent on bond with an ankle bracelet. (Id.)

## ANALYSIS

Title 18 U.S.C. § 3585(b) governs prior custody credit. Specifically, Section 3585(b) provides as follows:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in *official detention* prior to the date the sentence commences - -
>
> **(1)** as a result of the offense for which the sentence was imposed; or
>
> **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b)(emphasis added). The United States Supreme Court, however, has held that time spent on home confinement or electronic monitoring as a condition of release from custody is not "official detention" under Section 3585(b). Reno v. Koray, 515 U.S. 50, 52, 115 S.Ct. 2021, 132 L.Ed.2d 46 (1995); also see United States v. Insley, 927 F.2d 185 (4th Cir. 1991)(rejecting defendant's argument that "she should be given credit for the time spent on an appeal bond because the conditions of her appeal bond were so restrictive that they constituted 'official detention' within the meaning of § 3585(b).") In Reno, the Supreme Court explained that the basic tenants of statutory construction dictate that "credit for time spent in 'official detention' under § 3585(b) is available only to those defendants who are detained in a 'penal or correctional facility' . . . and who were subject to BOP's control" and is not available for time spent released on bail under Section 3142(c), no matter how restrictive the conditions of release. Reno, 515 U.S. at 58-61, 115 S.Ct. at 2026-27; also see Insley, 927 F.2d at 186(stating that "official detention means imprisonment in a place of confinement, not stipulations or conditions imposed upon a person not subject to full physical incarceration")(citations omitted).

In the instant case, Petitioner is clearly seeking sentencing credit for a period of time she

3

was not in "official detention." Specifically, Petitioner seeks sentencing credit for the time period she spent on pretrial release subject to home incarceration with electronic monitoring. During this period of time, however, Petitioner was not detained by the Court, surrendered to the custody of the Attorney General, or exposed to BOP control. Accordingly, the undersigned finds that the time Petitioner spent on pretrial release does not qualify for credit under Section 3585(b). See Howard v. Janson, 2023 WL 1860168, * 2 (D.S.C. Feb. 9, 2023), report and recommendation adopted, 2023 WL 1860168 (D.S.C. Feb. 9, 2023), aff'd, 2023 WL 7000747 (4th Cir. 2023)("Stated plainly, district courts in the Fourth Circuit have consistently concluded that time spent on pretrial home detention is not considered 'official detention' for the purpose of calculating credit for time served under 18 U.S.C. § 3585."); Parks v. Ryle, 2022 WL 18539775, * 1 (S.D.W.Va. Nov. 14, 2022), report and recommendation adopted, 2023 WL 1415614 (S.D.W.Va. Jan. 31, 2023)("Petitioner is not entitled to any prior custody credit for the time spent on home confinement with electronic monitoring."); Yates v. Reherman, 2020 WL 10759468, * 4 (S.D.W.Va. May 29, 2020), report and recommendation adopted, 2021 WL 2953147 (S.D.W.Va. July 14, 2021)(finding the time the petitioner spent on pretrial release, "albeit subject to home incarceration and other restrictive conditions," does not qualify for credit under Section 3585); United States v. Summer-Grace, 2020 WL 1235016, * 3 (D.Md. March 13, 2020)("[T]he Court determined that 'credit for time spent in 'official detention' under § 3585(b) is available only to those defendants who were detained in a 'penal or correctional facility' and who were subject to BOP's control."); Collins v. Butler, 2015 WL 4973620, * 3 (E.D.Ky. Aug. 19, 2015)("Following the Supreme Court's decision, federal courts have uniformly upheld the BOP's conclusion that time spent in home detention does not qualify as 'official detention' warranting presentence credits under § 3585(b) because it is a form

of 'release,' not a form of 'detention.'); Givens v. Thomas, 2013 WL 3102895, * 4 (M.D.Pa. June 18, 2013)("Pursuant to the standards announced in *Reno v. Koray*, Givens is simply not entitled to § 3585 credit for the period of his home confinement with electronic monitoring regardless of how restrictive those conditions may have been.")

Finally, the undersigned considers Petitioner's claim that her pretrial release to home confinement was similar to that of inmates released to home confinement under the Coronavirus Aid, Relief, and Economic Security ("CARES") Act, 18 U.S.C. § 3624(c)(2), during the COVID-19 pandemic. Such an argument, however, is unavailing. In contrast to Petitioner's situation, inmates released under the CARES Act were sentenced prisoners who were in the custody of the Attorney General and the BOP. See Rodriguez v. Lamer, 60 F.3d 745, 749 (11th Cir. 1995)(individuals placed on home confinement after being convicted, sentences, and placed in the custody of the BOP are distinct from and not similarly situated to, those seeking such credit for pre-trial home confinement); Parks, 2022 WL 18539775, at * 2(same). As stated above, Petitioner was not a sentenced prisoner in the custody of the Attorney General or the BOP at the time of her release to home confinement with electronic monitoring. Instead, Petitioner was a pretrial detainee released on bond to home confinement with electronic monitoring.

Based on the foregoing, the undersigned finds that Petitioner is not entitled to any additional prior custody credit and her Section 2241 Petition should be denied.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Petitioner's Petition for Writ of *Habeas Corpus* by a Person in

Federal Custody under 28 U.S.C. § 2241 (Document No. 1), and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*, and counsel of record.

ENTER: August 29, 2024.



Omar J. Aboulhosn
United States Magistrate Judge